UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA ANN MEYERS, | ) |
| Plaintiff, | ) 15 C 3710 |
| v. | ) Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL,[1] Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff appeals the Commissioner's decision to deny her application for disability insurance benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

Plaintiff filed her application for disability insurance benefits on January 17, 2012, alleging that she had chronic back pain, migraines, and depression that rendered her unable to work. (R. 17, 182; *see* R. 385-87, 405-18, 421-23.) Her application was denied on July 27, 2012, and on reconsideration on February 15, 2013. (R. 71, 88.) She requested a hearing, which was held before an administrative law judge ("ALJ") on October 30, 2013. (*See* R. at 30-64.)

On February 20, 2014, the ALJ denied plaintiff's application. (R. 17-24.) The Appeals Council denied plaintiff's request for review of the decision (R. 1, 8-13), making the ALJ's

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited February 28, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

decision the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether her impairment meets or equals any impairment listed in the regulations; (4) if not, whether she retains the residual functional capacity to perform her past relevant work; and (5) if not, whether she is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. At step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. *Id.*

At step two, the ALJ found that plaintiff's depression was not a severe impairment (R. 19), a conclusion that plaintiff says is contrary to the evidence. Specifically, plaintiff argues that the ALJ's conclusion is contradicted by the report of Dr. Borosh, a psychologist who examined

plaintiff.[2] Dr. Borosh said that plaintiff "endorsed a moderate and severe level of anxious and depressive symptomology on the BDI-II [Beck Depression Inventory-II][3] and BAI [Beck Anxiety Inventory], [4] respectively" and concluded that plaintiff had a "severe impairment" in "mood/behavior." (R. 422-23.) However, Dr. Borosh also found that plaintiff's "planning/reasoning" and "language" abilities were within expectation, her "attention" and "visual-spatial" abilities were "just below expectation," and her "processing speed" and "memory" were only mildly impaired:

> . . . . [T]he profile on testing is most notable for mild impairments in speed of processing information and working memory. Anterograde memory is reduced primarily at the levels of initial encoding and retrieval, which is consistent with her attentional difficulties. There is no clear indication of a retentive memory deficit or primary visual spatial deficit. Visual spatial construction falls just below expectation. Basic language functions are intact. Executive functions including reasoning, problem solving and mental flexibility are intact. Insight and societal aspects of comportment are intact. With the exception of employment, patient says she remains independent carrying out typical [activities of daily living].

(R. 423.) In other words, though Dr. Borosh characterized plaintiff's mood impairment as severe, she said that impairment did not greatly diminish plaintiff's intellectual functions. (*Id.*) Thus, contrary to plaintiff's assertion, the ALJ's conclusion that plaintiff's depression "does not cause

---

[2]As plaintiff admitted during the hearing, Dr. Borosh, who performed a one-time examination of plaintiff, is not a treating source. (*See* R. 62 (stating that Dr. Borosh was "an examining source . . . . [who] met [plaintiff] once")); *see also White v. Barnhart,* 415 F.3d 654, 658 (7th Cir. 2005) ("Dr. Zondag was not a treating source as that term is defined by the regulations because he did not have an ongoing relationship with White."); 20 C.F.R. § 404.1502 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you.").

[3]"The Beck Depression Inventory (BDI) is a 21-item, self-report rating inventory that measures characteristic attitudes and symptoms of depression . . . ." http://www.apa.org/pi/about/publications/caregivers/practice-settings/assessment/tools/beck-depression.aspx (last visited June 29, 2016).

[4]The Beck Anxiety Inventory is a twenty-one item self-assessment of anxiety symptoms. *See* http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3879951/ (last visited June 29, 2016).

more than minimal limitation in [her] ability to perform basic mental work activities and is therefore nonsevere" (R. 19), is consistent with, not contradicted by, Dr. Borosh's opinion.

Plaintiff also argues that the ALJ ignored the limitations on plaintiff's ability to work imposed by Dr. Borosh. In fact, however, Dr. Borosh did not set any such limitations. Rather, she enumerated "general behavioral strategies" that plaintiff might find "helpful" to "facilitate increased efficiency in attention and memory," such as taking frequent breaks from tedious work, working in a distraction-free environment, using written reminders, and taking notes. (R. 423-24.) Accordingly, the ALJ's failure to interpret these "strategies" as limitations on plaintiff's ability to work was not erroneous.

Plaintiff fares no better with her challenge to the ALJ's determination of her credibility. The Court notes that defendant recently issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because: (1) the new regulation is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (stating that clarifying rules can be applied retroactively, and courts give "great weight" to an agency's expressed intent to clarify a regulation), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); and (2) it is substantially the same as the prior regulation, *compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

The ALJ said that he gave little weight to plaintiff's testimony that she "has poor memory[,] . . . . dyslexia . . . . [,] a dull ache in the back, neck, hips and knees . . . . [,] anxiety and

4

depression[,]" has a problem with "concentration and focus," and "can break into tears at anytime" because "[t]he evidence of record fail[ed] to substantiate the degree of impairment related subjective limitations." (R. 22.) Specifically, the ALJ said: (1) the medical records showed that plaintiff was "stable psychiatrically," received therapy only sporadically, did not take her depression medication, had full range of motion in her lumbar and cervical spine, and could independently perform her activities of daily living; (2) Dr. Borosh's report stated that plaintiff displayed a full range of affect, demonstrated good task persistence and attention span, and did not clearly display a retentive memory deficit; (3) there was evidence that plaintiff had "multiple felonies which makes it hard for her to find a job";[5] and (4) plaintiff testified that "she should not stand long, but could not say how long." (*Id.*) Because the ALJ gave specific, evidentiary bases for his credibility determination/symptom evaluation, the Court will not disturb it. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("We will uphold an ALJ's credibility determination if the ALJ gave specific reasons for the finding that are supported by substantial evidence.").[6]

---

[5] The Court notes that, in the same paragraph, the ALJ noted that he "did not give any appreciable weight to [claimant's] testimony," and that she "has multiple felonies which makes it hard for her to find a job." (R. 22.) As structured, one could argue that the ALJ discounted plaintiff's testimony *because of* the felony convictions. However, for the reasons noted herein, we believe the ALJ discounted plaintiff's testimony as to her limitations because her subjective descriptions were not consistent with the other objective evidence contained in the record. The ALJ was not making a credibility determination based on plaintiff's character.

[6] Though the new policy statement applies, "the Court is also bound by case law concerning the same regulatory process under the 'credibility' analysis of the former SSR 96-7p." *Farrar v. Colvin*, No. 14 C 6319, 2016 WL 3538827, at *5 (N.D. Ill. June 29, 2016).

## Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion for summary judgment [20], denies plaintiff's motion for summary judgment [11], and affirms the Commissioner's decision. This case is terminated.

**SO ORDERED.**                    **ENTERED:** May 9, 2017

_____
**M. David Weisman**
**United States Magistrate Judge**